```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

No. 02 Civ. 5571 (RJH) (HBP)

This Document Relates To:

| | |
|---|---|
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7778 | 07 Civ. 7779 |
| 07 Civ. 7802 | 07 Civ. 7803 |
| 07 Civ. 7863 | 07 Civ. 8156 |
| 07 Civ. 8208 | 07 Civ. 8830 |
| 07 Civ. 9229 | 07 Civ. 9592 |
| 07 Civ. 9593 | |

**ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1. The Court has concluded that consolidation of all Individual Action is appropriate. Based on a review of the parties' submissions, the Court has prepared a proposed scheduling order, a copy of which is attached. The parties are invited to comment on the proposed order by fax to Chambers no later than 5:00 p.m. on December 20, 2007.

2. It has come to the Court's attention that this action, 02 Civ. 5571, was never converted to ECF status. By this order this action will become an ECF action.

SO ORDERED.

Dated: New York, New York
       December 14, 2007

_____
Richard J. Holwell
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

No. 02 Civ. 5571 (RJH) (HBP)

This Document Relates To:

| | |
|---|---|
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7778 | 07 Civ. 7779 |
| 07 Civ. 7802 | 07 Civ. 7803 |
| 07 Civ. 7863 | 07 Civ. 8156 |
| 07 Civ. 8208 | 07 Civ. 8830 |
| 07 Civ. 9229 | 07 Civ. 9592 |
| 07 Civ. 9593 | |

**PROPOSED
SCHEDULING ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

A conference having been held in these cases on October 30, 2007; the parties having submitted proposals regarding scheduling in the above-captioned actions (the "Individual Actions"); and the Court having considered the submissions of the parties, it is hereby ordered:

1.   This Order shall apply to the Individual Actions and to any related individual actions hereafter filed, which individual actions shall thereafter automatically be deemed to be "Individual Actions" subject to this Order, unless relief from this Order is granted by the Court.

2.   The provisions of the Confidentiality Order in the Class Action shall apply to the Individual Actions. Counsel for the plaintiffs in each of the Individual Actions (the "Individual Plaintiffs") shall be entitled to full and equal access to all discovery in the Class Action on the same terms as counsel for the Lead Plaintiffs in the Class Action, and in accordance with the terms set forth in said Confidentiality Order.

3.  The Individual Actions are consolidated with each other and with the Securities Class Action for all purposes. The Court finds that considerations of convenience and judicial economy warrant consolidation. The Individual Plaintiffs will not be unduly prejudiced as they will not be deprived of the right to take necessary supplemental discovery, retain experts, or pursue independent strategies for trial or settlement. Their claim of possible prejudice resulting from the application of the provisions of the Securities Litigation Uniform Standards Act is at this point premature and would not justify the separate trial of the claims of over fifty Individual Plaintiffs as well as those of the class, all of which raise common questions of law and fact.

4.  Upon the consent of the parties, there shall be no stay of discovery in the event that defendants move to dismiss the Individual Actions.

5.  By January 4, 2008, defendants in the Class Action shall provide to counsel for the Individual Plaintiffs: (1) all of the documents and all of the other discovery that defendants have produced in the Class Action; (2) all of the depositions and all of the deposition exhibits in the Class Action; (3) all of the documents and all of the other discovery that defendants in the Class Action have received from non-parties including, but not limited to, all documents and all other materials that non-parties have produced to defendants in response to subpoenas *duces tecum*; (4) all discovery requests, formal responses and correspondence explaining any limitations on what was produced in response to requests; and (5) all pleadings and court papers filed in the class action. To the extent presently available, all such discovery materials should be produced to counsel for the Individual Plaintiffs in the form of CDs, hard drives, or other appropriate computer-searchable media.

2

6.  By January 4, 2008, Lead Plaintiffs in the Class Action shall provide to counsel for the Individual Plaintiffs: (1) all of the documents and all of the other discovery that plaintiffs have produced in the Class Action; and (2) all of the documents and all of the other discovery that plaintiffs in the Class Action have received from non-parties including, but not limited to, all documents and all other materials that non-parties have produced to plaintiffs in response to subpoenas *duces tecum*. To the extent presently available, all such discovery materials should be produced to counsel for the Individual Plaintiffs in the form of CDs, hard drives, or other appropriate computer-searchable media.

7.  By March 4, 2008 the Individual Plaintiffs shall serve any notices of deposition. With respect to any witnesses who have already been deposed ("follow-up depositions"), counsel for the Individual Plaintiffs shall identify in an attachment to the notice of deposition the topics they believe have not been fully and fairly covered in the prior deposition. If, after conferring with Individual Plaintiffs' counsel, defendants object to the scope of any follow-up deposition, they may apply to Judge Pitman on March 7 for an order limiting such deposition. Judge Pitman will rule on any such objections during the week of March 10, 2008. All fact depositions noticed by the Individual Plaintiffs shall be completed by May 5, 2008.

8.  The Individual Plaintiffs may serve non-duplicative document requests that seek documents not already produced by defendants. Any such request shall be served by March 4, 2008.

9.  By December 28, 2007 defendants shall serve upon Individual Plaintiffs any (a) document requests, (b) interrogatories regarding standing and (c) other

3

interrogatories contemplated by Local Rule 33.3. Individual Plaintiffs shall respond by January 31, 2008.

10.  By February 15, 2008, defendants shall serve any deposition notices upon Individual Plaintiffs. All depositions of Individual Plaintiffs shall be completed by April 15, 2008.

11.  Defendants' expert disclosures shall be made, as previously scheduled, on January 14, 2008. The Court understands that Class Plaintiffs' expert disclosures have already been made.

12.  Depositions of Defendants' experts, Class Plaintiffs' experts and Liberty Media's experts shall be completed between March 4 and April 4, 2008.

13.  By May 5, 2008 Individual Plaintiffs shall file expert disclosures, and defendants shall simultaneously file any supplemental expert disclosures relating only to claims made by the Individual Plaintiffs. Depositions of these experts shall be completed by June 6, 2008.

14.  Defendants' motions to dismiss the Individual Plaintiffs' actions, if any, shall be filed on April 15, 2008. Opposition papers shall be filed on May 15, 2008. Reply papers shall be filed by May 23, 2008.

15.  Summary judgment motions, if any, shall be filed on June 15, 2008. Opposition papers shall be filed on July 15, 2008. Reply papers shall be filed on July 25, 2008.

16. Trial will begin on October 13, 2008.

SO ORDERED.

Dated: New York, New York
December 14, 2007

_____
Richard J. Holwell
United States District Judge