UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                                      :
IN RE VIVENDI UNIVERSAL, S.A.          :          No. 02 Civ. 5571 (RJH) (HBP)
SECURITIES LITIGATION                      :
_____   :
                                                      :
This Document Relates to:                   :
                                                      :
07 Civ. 7370    07 Civ. 10954   08 Civ. 0418   :
07 Civ. 7775    07 Civ. 10995   08 Civ. 0950   :
07 Civ. 7776    07 Civ. 11092   08 Civ. 1111   :
07 Civ. 7778    07 Civ. 11305   08 Civ. 1973   :
07 Civ. 7779    07 Civ. 11483   08 Civ. 1974   :
07 Civ. 7803    07 Civ. 11484   08 Civ. 1975   :
07 Civ. 7863    07 Civ. 11485   08 Civ. 1983   :
07 Civ. 8156    07 Civ. 11628   08 Civ. 2056   :
07 Civ. 8208    08 Civ. 0024    08 Civ. 2057   :
07 Civ. 8830    08 Civ. 0116    08 Civ. 2058   :
07 Civ. 9229    08 Civ. 0117    08 Civ. 2166   :
07 Civ. 9593    08 Civ. 1938    08 Civ. 2214   :
07 Civ. 10578   08 Civ. 1985                       :
                                                      :
_____   :

### DECLARATION OF CHRISTINE M. MACKINTOSH IN OPPOSITION TO DEFENDANT GUILLAUME HANNEZO'S MOTION TO DISMISS

CHRISTINE M. MACKINTOSH hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am an associate at Grant & Eisenhofer P.A. ("G&E"), attorneys for certain of the Individual Plaintiffs in this matter ("Individual Plaintiffs" or "Plaintiffs"). I make this declaration in opposition to Defendant Guillaume Hannezo's ("Hannezo") motion to dismiss complaints of the Individual Plaintiffs.

2.      In October 2007, Plaintiffs provided Hannezo's counsel with copies of complaints they had filed to that date. In an effort to conserve judicial resources and eliminate the need for costly translations of complaints, Plaintiffs asked Hannezo's counsel to accept service of the complaints, *see* Exhibit A, and counsel for certain Plaintiffs mailed waivers of service for the

complaints they had filed.  Hannezo's counsel refused to accept service, *see* Exhibit B, and the waivers were not returned.

3.    Counsel for Plaintiffs retained private investigators to locate Hannezo, whom they understood to be living in France.  *See* Exhibit C.  Through those efforts, counsel located Hannezo's business address in Paris.

4.    On January 7, 2008, the Court issued a scheduling order (the "Scheduling Order").  In the Scheduling Order, the Court indicated that Plaintiffs could come back to the Court for an order for alternative service should they be unable to effect Hague Service on Hannezo by June 1, 2008.  *See* Exhibit D.

5.    Counsel for Plaintiffs promptly solicited and obtained competitive bids for the enormous task of translating each of their collective thirty one complaints and related documents into French as required under the Hague Convention, and serving those complaints in France, and were able to secure a favorable bid (*see* Exhibit E).  Plaintiffs' translation and service vendor estimated that it would take between four and six months to translate and serve the complaints and related documents, which collectively amount to thousands of pages.  The cost will be in excess of $80,000.

6.    Recognizing that Hannezo would not formally be served for some time, certain Plaintiffs served copies of their complaints on Hannezo's counsel on February 12, 2008.  *See* Exhibit F.  Hannezo's counsel replied that he did not consider this good service.  *See* Exhibit G.

7.    Plaintiffs, nonetheless, apprised Hannezo's counsel of all deposition and other discovery dates and invited him to participate.  These offers were refused for all cases other than with respect to the *Capitalia* matter.  Nevertheless, ever since discovery commenced pursuant to the Court's Scheduling Order, Hannezo's counsel has received copies of all of Plaintiffs' written

discovery requests and responses and Plaintiffs' document productions, and his counsel has been present at depositions of Plaintiffs' designated experts and non-party witnesses. Counsel for Hannezo participated in virtually all of the depositions conducted by counsel for the Individual Plaintiffs, including the depositions of Hubert Dupont L'hotelain, held on May 20, 2008; Laurence Daniel, held on May 21, 2008; Dominique Gibert, held on May 23, 2008; Eileen McLaughlin, held on May 29, 2008; Jean Charles Brisard, held on June 11, 2008; Ann Clarke-Wolff, held on July 1, 2008; and Phillippe Guez, held on July 9, 2008. Hannezo's counsel also attended the deposition of the Individual Plaintiffs' damages expert, Frank Torchio, held on June 11-12, 2008.

8.    On April 10, 2008, counsel for Plaintiff Frankfurt-Trust Investment-Gesellschaft MBH ("Frankfurt") asked Hannezo's counsel to accept service of Frankfurt's amended complaint on behalf of Hannezo. *See* Exhibit H. Hannezo's counsel refused the request. *See* Exhibit I.

9.    By May 19, 2008, the first of Plaintiffs' complaints (after *Capitalia*'s) and related documents had been translated and sent to France for service. Over the following weeks, the Bailiff attempted on no less than seven separate occasions to serve Hannezo at his place of business. *See* Exhibit J. Hannezo finally made an appointment with the Bailiff to accept service of the complaints on June 26, 2008. *Id.*

10.    On June 26, 2008, the bailiff of SCP Perolle Soubie-Ninet (the "Bailiff") met with Hannezo, who accepted service of 20 complaints filed on behalf of certain of the Individual Plaintiffs that had been translated into French. Hannezo at this time refused to agree to set another date for service of additional translated complaints, and relegated the Bailiff to contacting Hannezo's assistant to find a date and time convenient to Hannezo to next meet,

which was not until July 11, 2008.  Attached hereto as Exhibit K is an email dated July 1, 2008 from Karina Shreefer (Legal Language Services) to Christine Mackintosh regarding (1) the service of certain complaints on Hannezo by the bailiff, and (2) the July 11, 2008 appointment to serve Hannezo translated complaints.

11.    Hannezo was served with seven additional complaints on July 11, 2008.  Attached hereto as Exhibit L is a chart prepared by Legal Language Services documenting the status of translation and service to date.

12.    The role of a bailiff in France is more akin to that of an attorney than that of a bailiff of American courts.  French bailiffs have broad legal training and, in addition to serving process and other state functions, they enforce judgments and are responsible for a specific geographic region in France.  Procedurally when service of process is made through a French bailiff, the bailiff usually sends out his sworn clerk or notary to serve the documents, which is permitted under French law.  In the instant matter, however, the two bailiffs themselves (who are the partners of the firm engaged to serve Hannezo) went to serve Hannezo.  That, we are informed, is an unprecedented event.

13.    As of the date of this filing, four of the complaints remain in the process of being translated and served.  *See* Exhibit L hereto.

14.    On November 14, 2007, the plaintiffs in *Capitalia Asset Management SGR, S.p.A. et al. v. Vivendi et al.*, 07 Civ. 5742, effected service of their complaint on Hannezo pursuant to the Hague Convention.  *See* Exhibit M.  As the *Capitalia* complaint had been filed on June 15, 2007, service of the *Capitalia* complaint was made more than 120 days after filing, but Hannezo never objected to the timeliness of such service.  In fact, Hannezo's counsel actively participated in all depositions and other discovery matters to the extent they related to *Capitalia*.

4

Done at New York, New York this 15th day of July, 2008.


/s/ Christine M. Mackintosh
Christine M. Mackintosh